| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | **PRENOVOST, NORMANDIN, BERGH & DAWE**<br>**A Professional Corporation**<br>**THOMAS J. PRENOVOST, JR., SBN 77813**<br>**PAULA M. HARRELSON, SBN 167438**<br>**LAUREN M. DODDS, SBN 247973**<br>**2122 North Broadway, Suite 200**<br>**Santa Ana, California 92706-2614**<br>**Phone No.: (714) 547-2444**<br>**Fax No.:   (714) 835-2889**<br><br>Attorneys for Defendant,<br>WELLS FARGO BANK, N.A.     NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ASHLEY BARON,<br><br>        Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.;<br>NATIONAL CREDITORS<br>CONNECTION, INC., and DOES 1 to 10,,<br><br>        Defendants. | Case No. SACV12-1161 AG (RNBx)<br><br>**STIPULATION FOR PROTECTIVE ORDER; ORDER THEREON**<br><br>The Hon. Andrew J. Guilford |

The parties, Defendant , WELLS FARGO BANK, N.A. ("WELLS FARGO") and Plaintiff, ASHLEY BARON ('BARON"), by and through their respective undersigned attorneys hereby stipulate and agree to entry of the Protective Order set forth herein below, and to be bound by said Order in connection with the above-captioned lawsuit.

/ / /

/ / /

/ / /

/ / /

/ / /

## RECITALS

A. WHEREAS, BARON has made certain discovery requests for information relating to certain WELLS FARGO policies and procedures.

B. WHEREAS, BARON asserts that this information is relevant and material to her defenses in this lawsuit.

C. WHEREAS, WELLS FARGO asserts that the information sought may include confidential, private, proprietary and protected information which if disclosed will cause harm to WELLS FARGO and/or certain third parties.

D. WHEREAS, in order to facilitate the discovery process and still protect this confidential information, the parties agree and stipulate as follows:

## STIPULATION

1. IT IS HEREBY STIPULATED AND AGREED that certain information, documents and other evidence may be produced by WELLS FARGO during discovery in this litigation which contains confidential, private, proprietary and protected information (hereinafter referred to as "Protected Material"). Such Protected Material may include, but is not limited to, written responses to discovery requests, documents and oral testimony given in the course of depositions which shall be given confidential treatment as described below. This stipulation is not intended to limit the disclosure of information, gained outside the discovery process by the parties to the above-captioned lawsuit.

2. IT IS FURTHER HEREBY STIPULATED AND AGREED that before being given access to any of the aforementioned information, each person described herein shall be advised of the terms of this Protective Order by providing each such person with a copy of said order.

3. IT IS FURTHER STIPULATED AND AGREED that in the case of documents, which may produced to BARON and are qualified Protected Material, WELLS FARGO will mark each and every page, which is copied and produced as "CONFIDENTIAL."

4. IT IS FURTHER STIPULATED AND AGREED that in the case of deposition testimony that WELLS FARGO desires to designate all or a portion of, as Protected Material, WELLS FARGO shall make such designation on the record during the course of the deposition, such designation to specify and identify which portions of oral testimony are confidential or WELLS FARGO shall designate such portions of the deposition, by page and line, as "Protected Material" after it is transcribed.

5. IT IS FURTHER HEREBY STIPULATED AND AGREED that any WELLS FARGO information deemed Protected Material and subsequently produced shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, other than what has been indicated herein and only in connection with the above-captioned action. Except as provided for in the paragraphs below, BARON's representative shall keep all Protected Material and the information contained therein confidential from all persons.

6. IT IS FURTHER HEREBY STIPULATED AND AGREED that BARON's representative shall show Protected Material, and shall disclose the contents thereof, only to the following persons (herein after referred to as "Qualified Persons"):

    (a) Counsel of record in this case and their clients;

    (b) Independent experts and consultants retained by either party whose assistance is necessary for the preparation or trial of this specific action, provided that no such

|   |   |
|---|---|
|   | disclosure to any person employed by any competitor of WELLS FARGO, except upon further order of this Court; |
| (c) | The employees of counsel; |
| (d) | Court reporters and persons involved in recording deposition testimony in this action; |
| (e) | Employees of imaging, copying or microfilming service utilized with respect to this action or the prosecution or defense thereof; |
| (f) | The court and any appropriate reviewing Court; and |
| (g) | Any mediators or other facilitators or individuals necessary to effectuate any alternative dispute resolution methods decided upon by the parties hereto. |

7.  IT IS FURTHER HEREBY STIPULATED AND AGREED that before being given access to any Protected Material, each Qualified Person to whom BARON's representative intends to deliver, exhibit, or dispose any Protected Material or information contained therein shall be advised of the terms of this Protected Order.  Further, each Qualified Person to whom BARON's representatives intend to deliver, exhibit, or disclose, any Protected Material or information contained therein, other than counsel for the parties and employees of such Qualified Person shall be given a copy of this Order, and shall agree in writing. This paragraph expressly excludes and does not apply to the Court and Court personnel.  The parties hereto acknowledge and agree that the Court and court personnel are subject only to the Court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal.

8.  IT IS FURTHER HEREBY STIPULATED AND AGREED that Protected Material or information obtained therefrom that is used in a taking of a deposition, such documents or information shall remain subject to the provisions of

this Order, along with the transcript pages of the deposition testimony dealing with the Protected Material or information.  At the time any Protected Material is used in any deposition, the reporter will be informed of this Order and will be required to operate in a manner consistent with this Order and the reporter shall separately label the confidential portions of the deposition transcript.

9. IT IS FURTHER HEREBY STIPULATED AND AGREED that no party shall incur any liability hereunder with respect to any information received from another party without a confidential designation, until such time, if any, (a) that the party who produced the information designates it as confidential, or (b) that the Court enters an order designating such information as confidential or proprietary.  The inadvertent or unintentional production or disclosure of confidential or proprietary information with being designated as confidential information at the time of production or disclosure shall not be deemed a waiver of WELLS FARGO's claim that the information is entitled to treatment as confidential information under the terms of this order.

10. IT IS FURTHER HEREBY STIPULATED AND AGREED that within thirty (30) days after the conclusion of this action including any appeal, all Protected Material, and copies thereof, and all excerpts therefrom shall be returned to counsel for WELLS FARGO and counsel for BARON shall certify that all Protected Material and copies thereof have been returned and that all notes, extracts, summaries and other recordings thereof or of the contents of such documents have been destroyed or the confidentiality thereof is otherwise protected.

11. IT IS FURTHER HEREBY STIPULATED AND AGREED that BARON's counsel, experts, and other persons retained by BARON to assist in the preparation of this action, shall not under any circumstances, sell, offer for sale, advertise or publicize either the contents of Protected Material or the fact that BARON obtained WELLS FARGO'S confidential information and/or documents.

12. IT IS FURTHER HEREBY STIPULATED AND AGREED that after termination of this litigation, the provisions of this order and the Court's rulings shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Material for enforcement of the provisions of this order following termination of this litigation.

13. IT IS FURTHER HEREBY STIPULATED AND AGREED, not withstanding to the contrary which may be set forth herein, WELLS FARGO shall have the right to object to any discovery or apply to the Court at any time for an order granting other or additional relief with respect to any protected material, other than confidentiality.

14. IT IS FURTHER HEREBY STIPULATED AND AGREED that in accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For Motions, the parties shall publicly file a redacted version of the motion and supporting papers.

15. IT IS FURTHER HEREBY STIPULATED AND AGREED that any challenge to WELLS FARGO's designation of any material as Protected Material must be made by motion. Such motion must be made in strict compliance with Local Rules 37-1 and 37-2 (including Joint Stipulation requirement).

16. Nothing in the Order made hereunder is intended or should be construed as authorizing a party to disobey a lawful subpoena issued in another action.

17. IT IS FURTHER HEREBY STIPULATED AND AGREED that this Order shall be binding upon all parties hereto, upon their attorneys, their attorneys' successors, executors, personal representative, administrators, heirs, legal representative, assigns, affiliates, employees, agents, independent contractors, and all other persons or which they have control.

**IT IS SO ORDERED.**

DATED: April 04, 2013

_____
Hon. Robert N. Block
United States Magistrate Judge


DATED: March 28, 2013          PRENOVOST, NORMANDIN, BERGH & DAWE
                               A Professional Corporation

                               By: _____/s/ Paula M. Harrelson_____
                                   THOMAS J. PRENOVOST, JR.
                                   PAULA M. HARRELSON
                                   LAUREN M. DODDS
                                   Attorneys for Defendant, WELLS FARGO BANK, N.A.


DATED: March 28, 2013          LAW OFFICES OF LOUIS P. DELL

                               By: _____/s/ Louis P. Dell_____
                                   LOUIS P. DELL
                                   Attorney for Plaintiff, ASHLEY BARON


I attest under penalty of perjury that all signatories listed above concur with this Stipulation for Protective Order and have authorized this filing.

| | |
|---|---|
| DATED: March 28, 2013 | PRENOVOST, NORMANDIN, BERGH & DAWE<br>A Professional Corporation<br><br>By:    /s/ Paula M. Harrelson<br>     THOMAS J. PRENOVOST, JR.<br>     PAULA M. HARRELSON<br>     LAUREN M. DODDS<br>     Attorneys for Defendant, WELLS FARGO BANK, N.A. |

8960.0030 / 698274.1                            SACV12-1161 AG (ANx)

STIPULATION FOR PROTECTIVE ORDER