UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1161 AG (RNBx) | Date | April 15, 2013 |
|---|---|---|---|
| Title | ASHLEY BARON v. WELLS FARGO BANK, N.A., et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**  [IN CHAMBERS] ORDER (1) GRANTING NCCI'S MOTION TO WITHDRAW ADMISSIONS, (2) DENYING NCCI'S MOTION TO DISMISS, AND (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

Plaintiff Ashley Baron ("Plaintiff") sued Defendants Wells Fargo Bank, N.A., ("Wells Fargo") and National Creditors Connection, Inc., ("NCCI") for allegedly attempting to collect on a debt in violation of the Fair Debt Collection Practices Act ("FDCPA") and similar state laws.

The Court previously dismissed the FDCPA claims against Wells Fargo because it found that Wells Fargo was not a debt collector in this matter and thus fell outside of the scope of the FDCPA.

Three motions are currently pending: (1) NCCI's Motion to Withdraw Admissions (Dkt. No. 70), (2) NCCI's Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC") under Rule 12(b)(6) (Dkt. No. 62), and (3) Plaintiff's Motion for Summary Adjudication (Dkt. No. 66).

The Court GRANTS NCCI's Motion to Withdraw Admissions, DENIES NCCI's Motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1161 AG (RNBx) | Date | April 15, 2013 |
|---|---|---|---|
| Title | ASHLEY BARON v. WELLS FARGO BANK, N.A., et al. | | |

to Dismiss, and DENIES Plaintiff's Motion for Summary Adjudication.

## ANALYSIS

**1. NCCI'S MOTION TO WITHDRAW ADMISSIONS**

Plaintiff submitted requests for admissions on NCCI and NCCI was late in responding to those requests. (Liu Decl., Dkt. No. 70-2, ¶¶ 7, 8.) NCCI now requests to withdraw the deemed admissions. (Motion to Withdraw Admissions ("MWA"), at 3.)

**1.1 Legal Standard**

Under Federal Rule of Civil Procedure 36(b),

> Subject to Rule 16(e), the court may permit withdrawal or amendment [of deemed admissions] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Fed. R. Civ. P. 36(b).

The first half of the test in Rule 36(b) is satisfied when "upholding the admissions would practically eliminate any presentation of the merits of this case." *Conlon v. U.S.*, 474 F.3d 616, 622 (9th Cir. 2007) (quoting *Hadley v. U.S.*, 45 F.3d 1345, 1348 (9th Cir. 1995). In applying the second part of this test, "district courts should focus on the prejudice that the nonmoving party would suffer at trial." *Id.* Thus, the "prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the factfinder of its truth.'" *Hadley v. U.S.* 45 F.3d 1345, 1348 (9th Cir. 1995) (quoting *Brook Village North Assoc. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982))

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1161 AG (RNBx) | Date | April 15, 2013 |
|---|---|---|---|
| Title | ASHLEY BARON v. WELLS FARGO BANK, N.A., et al. | | |

Further, a court's "discretion [in applying Rule 36(b) should not be exercised in terms of the defaulting party's excuses, but in terms of the effect upon the litigation and prejudice to the resisting party." *Jimena v. UBS AG Bank, Inc*., 2011 WL 587309, at *3 (E.D. Cal. 2011) (permitting withdrawal because the "admissions materially impair, if not emasculate, Defendant's ability to defend and present the merits of its defense.")

### 1.2 Analysis

It is evident to this Court that justice permits NCCI to withdraw their admissions.

Both prongs of the Rule 36(b) test are met.  First, upholding the admissions would prevent NCCI from presenting its case on the merits.  The relevant admissions are central to Plaintiff's motion for summary adjudication.  Were the Court to allow the admissions to stand, it might well result in unwarranted grants of summary adjudication.

Second, the only notable prejudice to Plaintiff if this Court grants this Motion is that Plaintiff will be forced to "'convince the factfinder of [the] truth'" of her case.  *Hadley*, 45 F.3d at 1348 (quoting *Brook Village North Assoc.*, 686 F.2d at 70).  This is not a proper basis for denying the motion.  Plaintiff cannot use default admissions as a short-cut to victory.  They should prove their case on the merits. Further, "[t]he party relying on the deemed admission has the burden of proving prejudice."  *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007).  Plaintiff has failed to carry that burden.

Plaintiff argues that there will be "numerous and substantial" prejudice to Plaintiff if the withdrawal of admissions is permitted.  (Opp'n to MWA, at 3.)  But Plaintiff fails to support this claim.  For example, Plaintiff states that the trial date is near, that "Plaintiff has relied on the deemed admissions for a significant amount of time," and that NCCI's late responses did not comply with formatting requirements.  (Opp'n to MWA, at 3.)  But these allegations, without more, do not establish actual prejudice to Plaintiff.

Further, although the Court has concerns about NCCI's delay in seeking withdrawal of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1161 AG (RNBx) | Date | April 15, 2013 |
|---|---|---|---|
| Title | ASHLEY BARON v. WELLS FARGO BANK, N.A., et al. | | |

the admissions and its alleged failure to comply with its disclosure obligations, ultimately, those concerns do not change the analysis in this matter. *See Jimena*, 2011 WL 587309, at *3 (finding that a court's "discretion [in applying Rule 36(b)] should not be exercised in terms of the defaulting party's excuses, but in terms of the effect upon the litigation and prejudice to the resisting party.")

The Court is similarly concerned about allegations that Plaintiff is failing to comply with the Local Rules regarding meet-and-confer. But the Court declines at this time to award sanctions against Plaintiff as requested by NCCI. Although the Court declines to award sanctions at this time, it is concerned about counsel's apparent failure to abide by the Local Rules and desire to avoid resolving this matter on the merits. Such concerns may provide grounds for sanctions in the future and undermine any future request by counsel for attorney fees.

**2.      NCCI'S MOTION TO DISMISS**

NCCI brings a three-and-a-half page motion to dismiss under Rule 12(b)(6) asserting that the SAC should be dismissed for three reasons.

First, NCCI asserts, in a single conclusory sentence that "[t]he back of the Contact Letter states . . . the necessary validation notices . . . ." (Motion to Dismiss, at 2.) But such a conclusory statement fails to adequately show why Plaintiff's claims should be dismissed

Second, NCCI asserts that Plaintiff's claims fail because the letters are communications from Wells Fargo, who is not a "debt collector" in this case. But NCCI fails to cite any authority for this proposition and fails to address whether the content apparently added to the letters by NCCI, such as the information on the back of the letters, should also not be considered a communication.

NCCI has, at this point, failed to persuade the Court that the communications in this case fall outside the scope of the FDCPA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1161 AG (RNBx) | Date | April 15, 2013 |
|---|---|---|---|
| Title | ASHLEY BARON v. WELLS FARGO BANK, N.A., et al. | | |

Third, NCCI asserts that the mere delivery of the letters does not make NCCI a debt collector for purposes of the FDCPA. Although it is arguable that NCCI should not be considered a debt collector due solely to its conduct in this matter, NCCI has failed to convince the Court that such an analysis is relevant or necessary.

> "The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a.

And Plaintiff has alleged that "[NCCI's] business is the collection of . . . debts or is one which regularly collects or attempts to collect directly, or indirectly, debts . . . ." (SAC, Dkt. No. 27, ¶ 6.) Although these allegations border on the conclusory, NCCI has failed to adequately address these allegations, perhaps tellingly. As such, NCCI has failed to establish that it is not a "debt collector" for purposes of the FDCPA.

In sum, NCCI's arguments, although not unreasonable, were insufficiently developed for the Court to conclude that Plaintiff claims should be dismissed. The Court DENIES NCCI's Motion to Dismiss.

### 3.     PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

In it's Motion for Summary Adjudication, Plaintiff makes 13 requests that the Court hold that NCCI's conduct violated the FDCPA and state law. For example, Plaintiff requests that the Court determine that "Defendant NCCI by omitting to provide the amount of the debt in the letter, or within five days thereafter, violated the FDCPA." (Notice of Motion for Summary Adjudication, Dkt. No. 66, at 2.)

But Plaintiff has failed to demonstrate the necessary absence of genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323. Indeed, central to all of Plaintiff's claims is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1161 AG (RNBx) | Date | April 15, 2013 |
|---|---|---|---|
| Title | ASHLEY BARON v. WELLS FARGO BANK, N.A., et al. | | |

whether NCCI is a debt collector. The only support provided by Plaintiff that NCCI is a debt collector are the now-withdrawn admissions by NCCI. (Plaintiff's Statement of Uncontroverted Facts, Dkt. No. 67, ¶ 4.)

Plaintiff has thus failed to demonstrate that summary adjudication is appropriate. The Court DENIES Plaintiff's Motion for Summary Adjudication.

**DISPOSITION**

The Court GRANTS NCCI's Motion to Withdraw Admissions, DENIES NCCI's Motion to Dismiss, and DENIES Plaintiff's Motion for Summary Adjudication.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | | enm |